# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00199-CV

**John Mason Hughes, Appellant**

**v.**

**Easy Street Capital, LLC; Russell Frost, Trustee; Hornet Capital, LLC; and Patrick E. Hudson, Trustee, Appellees**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-005944, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant John Mason Hughes, acting pro se, filed a combined motion for extension of time to file his brief, request for supplementation of the record, and "Motion for Exemption from Future Appellate Costs." His motion states that he filed a "sworn and true financial statement" in the district court on January 2, 2026, and he requests "an exemption from any and all future payments or costs associated with this appeal, including but not limited to any additional clerk's record supplementation, reporter's record costs, or briefing-related fees." However, the record contains neither a sworn financial statement nor a statement of inability to afford payment of court costs. *See* Tex. R. Civ. P. 145(b). And Hughes has been paying his appellate filing fees.

Under Texas Rule of Civil Procedure 145, a party is exempt from paying court costs if the party files a statement of inability to afford payment of court costs, or another sworn document containing the same information, unless certain procedural requirements have been met. *Id.* R. 145(f). First, "[t]he declarant must not be required to pay costs without an oral evidentiary hearing" and must be given notice of the hearing. *Id.* R. 145(f)(1). Additionally, any "order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs." *Id.* R. 145(f)(2). Further, any "order requiring the declarant to pay costs must state in conspicuous type: 'You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. *See* Texas Rule of Civil Procedure 145.'" *Id.* R. 145(f)(4).

Thus, we abate this appeal and remand this case to the trial court for the requisite evidentiary hearing determining whether Hughes is unable to pay. *See id.* R. 145(b); *Wilson v. Ditech Fin., LLC*, No. 03-21-00100-CV, 2021 WL 2385430, at *1 (Tex. App.—Austin June 11, 2021, no pet.) (per curiam) (mem. op.) (following similar procedure). The trial court must give the parties at least ten days' notice of the hearing. After the hearing, the trial court is directed to enter an order stating one of the following: (1) that Hughes is required to pay all the court costs and the appeal bond, (2) that Hughes is required to pay the part of the court costs and appeal bond that he can afford to pay, or (3) that Hughes is not required to pay court costs or the appeal bond. If the trial court orders Hughes to pay all or some of the court costs and the appeal bond, the trial court is further directed to include in its order detailed findings supporting its ruling and the Rule 145(f)(4) admonishment.

A reporter's record of the hearing shall be prepared and filed in the record of this appeal, and the trial court shall prepare a supplemental clerk's record containing its order. The

reporter's record and supplemental clerk's record must be filed by May 29, 2026.  The appeal will be reinstated when those supplemental records are filed.

It is ordered on April 29, 2026.


Before Chief Justice Byrne, Justices Theofanis and Ellis

Abated and Remanded

Filed:   April 29, 2026